UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN NEWTON JONES,

    Plaintiff,

    v.

GENERAL ELECTRIC COMPANY, et al.,

    Defendants.

Case No. 17-cv-05446-VC (KAW)

**ORDER REGARDING DISCOVERY LETTER**

Re: Dkt. No. 165

Plaintiffs John Newton Jones and Connie Jones filed the instant complaint, alleging that Defendants exposed Plaintiff to asbestos, resulting in Plaintiff's lung cancer. (Compl. ¶¶ 5, 7-8, Dkt. No. 1-1.) On April 10, 2018,[1] Plaintiffs and Defendant Triple A Machine Shop, Inc. ("Triple A") filed a joint discovery letter regarding a dispute over Plaintiffs' proposed deposition of Defendant Triple A's Person Most Qualified and Custodian of Records (collectively, "PMQ"). (Discovery Letter at 1, Dkt. No. 165.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court GRANTS Plaintiffs' request to depose Defendant Triple A's PMQ.

## I. BACKGROUND

Defendant Triple A was a shipbuilding contractor who hired sub-contractors to build ships for the United States Navy. (Discovery Letter at 1, 4.) Plaintiff John Jones served and worked on at least five ships that were repaired at Defendant Triple A's shipyards, or where Defendant Triple

---

[1] The discovery letter was originally hand-delivered to the presiding judge's chambers on April 6, 2018. In the future, parties shall e-file discovery letters on the docket. *See* Civil Local Rule 5-1(e)(1) ("In any non-sealed cases, all documents required to be filed with the Clerk shall be filed electronically on the ECF system . . . .").

1    A's employees or contractors performed work.  (*Id.* at 2.)  Defendant Triple A is now a defunct

2    company, which exists only through its insurance carriers who provide indemnification and

3    defense costs in asbestos cases.  (*Id.* at 1, 4.)  Defendant Triple A does not have any current

4    officers or employees; in prior litigation, Mr. Al Engel acted as its corporate representative.  (*Id.* at

5    4.)  Defendant Triple A represents, however, that Mr. Engel is unable to testify as its PMQ due to

6    age and medical conditions.  (*Id.*)

7          On February 27, 2018, Plaintiffs noticed the deposition of Defendant Triple A's PMK for

8    March 29, 2018.  (Discovery Letter, Exh. A.)  Plaintiffs did not meet and confer with Defendant

9    Triple A prior to noticing the deposition.  (*Id.* at 3.)  On an unknown date, Defendant Triple A

10   reached out to Plaintiffs, stating that Mr. Engel was no longer able to testify due to medical

11   conditions, and that a new PMQ had yet to be designated.  (*Id.* at 2.)  On March 19, 2018,

12   Defendant Triple A provided Plaintiffs with Mr. Engel's five prior deposition transcripts, and

13   asked whether Plaintiffs would be willing to use those transcripts instead of deposing a live

14   witness.  (*Id.* at 2, 4.)

15         On March 26, 2018, Defendant Triple A deposed Plaintiffs' expert witnesses concerning

16   the nature and extent of Plaintiff John Jones's exposure to asbestos.  (Discovery Letter at 2.)

17   Defendant Triple A asked the experts whether Plaintiff John Jones's statement that he did not

18   recall seeing Defendant Triple A's employees performing work necessarily meant that Plaintiff

19   John Jones could not have been exposed to asbestos by any actions of Defendant Triple A.  (*Id.*)

20   Both experts rejected this assertion.  (*Id.*)

21         That same day, Defendant Triple A served objections to the deposition notice.  (Discovery

22   Letter at 2.)  Plaintiffs also asked Defendant Triple A to stipulate to deposing the PMQ after the

23   close of fact discovery so that Plaintiffs could consider Defendant Triple A's offer to allow

24   Plaintiffs to use the five prior deposition transcripts.  (*Id.* at 4.)

25         On March 27, 2018, Plaintiffs e-mailed Defendant Triple A to discuss the PMQ deposition

26   scheduled for March 29, 2018.  (Discovery Letter at 3-4.)  Defendant Triple A asserts that this is

27   the first time Plaintiffs reached out to discuss the PMQ deposition.  (*Id.* at 3.)  At some unknown

28   point, Defendant Triple A agreed to produce a PMQ witness after close of fact discovery if

Plaintiffs agreed to not argue that the PMQ testimony was necessary to oppose Defendant Triple A's motion for summary judgment. (*Id.*) Plaintiffs declined. (*Id.*)[2] On April 12, 2018, Defendant Triple A filed their motion for summary judgment. (Dkt. No. 168.)

## II. DISCUSSION

Defendant Triple A's primary argument in opposition to producing the PMQ witness is Plaintiffs' failure to meet and confer prior to scheduling the deposition, as well as not reaching out to discuss the PMQ deposition until March 27, 2018. (Discovery Letter at 3-4.) Civil Local Rule 30-1 states in relevant part: "For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party."

Here, Plaintiffs do not dispute that they failed to comply with Civil Local Rule 30-1, or that they did not initiate meet and confer efforts with Defendant Triple A. Regardless, Defendant Triple A makes no showing that this failure had any negative impact on it, especially when the parties did, in fact, meet and confer regarding the PMQ deposition, with Defendant Triple A reaching out as early as March 19, 2018 to inquire whether the PMQ deposition could be replaced by Mr. Engel's five prior transcripts. (Discovery Letter at 3-4.) While Plaintiffs arguably could have put more effort into reaching out, Defendant Triple A does not argue that it was prejudiced by Plaintiffs' failure to initiate the meet and confer efforts. Thus, given that the parties were able to meet and confer well before the March 29, 2018 deposition date, the Court finds that this argument does not warrant prohibiting the PMQ deposition from proceeding. *Compare with First Resort, Inc. v. Herrera*, Case No. 11-cv-5534-SBA (KAW), 2014 WL 589054, at *6 n.5 (N.D. Cal. Feb. 14, 2014) ("Given that the parties have met and conferred since the filing of the

---

[2] Plaintiffs also note that on March 29, 2018, Defendant Triple A served responses to Plaintiffs' discovery requests, which did not include a verification or documents related to three separate ships of the five requested. (Discovery Letter at 2.) Defendant Triple A, however, asserts that this letter was the first time these discovery responses were raised by Plaintiffs, and that Plaintiffs never attempted to meet and confer about those issues. (*Id.* at 6 n.4.) Plaintiffs do not dispute this. Given the failure to meet and confer on these issues, as required by the Court's standing order, the Court declines to address this issue. (Westmore Standing Ord. ¶ 12 ("Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer . . . in an effort to resolve these matter(s)").) In any case, it is not clear what relief Plaintiffs seek as a result of this, as the discovery letter only asks that the PMQ deposition be permitted.

3

respective joint letter, the court considers [the plaintiff's argument regarding the defendant's failure to comply with Civil Local Rule 30-1] moot"); *M.H. v. Cty. of Alameda*, Case No. 11-cv-2868-JST, 2013 WL 5497176, at *1 (N.D. Cal. Oct. 3, 2013) (overruling the defendant's objection that the plaintiff did not comply with Civil Local Rule 30-1 where the plaintiffs served their discovery requests promptly and gave the defendant an appropriate amount of notice prior to each of the depositions they requested).

In the alternative, Defendant Triple A argues that the PMQ deposition is not necessary because Plaintiff John Jones's own testimony establishes that he did not see or recall seeing Defendant Triple A workers in his presence with any asbestos-containing products. (Discovery Letter at 5.) Defendant Triple A asserts that its PMQ will not be able to provide percipient testimony that they saw Triple A employees working with asbestos-containing products in Plaintiff John Jones's presence. (*Id.*) Moreover, Defendant Triple A contends that any PMQ witness would simply read and rely on Mr. Engel's prior deposition transcripts, "in essence just re-stating what Mr. Engel has previously testified about." (*Id.* at 4.)

The Court rejects this argument. While Plaintiff John Jones may not recall seeing Defendant Triple A workers in his presence with asbestos-containing products, the PMQ could still testify whether Triple A employees or contractors performed work on ships and at locations where Plaintiff John Jones was physically present. (*See* Discovery Letter at 2.) While such testimony may ultimately have little additional value, given that Plaintiffs already have Mr. Engel's prior deposition transcripts, Defendant Triple A has not demonstrated that such testimony would lack any relevance; indeed, Defendant Triple A previously agreed to produce a PMQ witness, albeit conditioned on Plaintiffs not arguing that the PMQ testimony was necessary to oppose Defendant Triple A's motion for summary judgment. (*Id.* at 4.) Given Defendant Triple A's previously stated willingness to produce a PMQ witness for deposition, the Court will allow the PMQ deposition to go forward.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS Defendant Triple A to produce a PMQ witness for deposition. The deposition shall take place within **two weeks** of the date of this order,

unless otherwise mutually agreed upon by the parties.

IT IS SO ORDERED.

Dated: April 20, 2018

KANDIS A. WESTMORE
United States Magistrate Judge