UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NEWTON JONES, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>J.T. THORPE & SON, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-05446-VC<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 191, 192, 205, 206 |

　　For the reasons discussed at the pretrial conference and below, the Court rules as follows:

- Plaintiffs' Motion in Limine No. 1, to admit evidence relating to the judgment against Triple A for violation of California Health and Safety Code section 25189.5, is denied.
- Plaintiffs' Motion in Limine No. 2, to preclude defense expert Delno Malzahn's experimental presentation, is denied.
- J.T. Thorpe & Son's Motion in Limine No. 1, to exclude opinions based on the "every exposure" theory, is denied. Although perhaps sometimes an expert's application of the "every exposure" theory, in light of the facts of a particular case, could be inadmissible (even applying California law, which both sides agree applies), J.T. Thorpe & Son has not shown, or even really attempted to show, that Dr. Horn's anticipated testimony is inappropriate on the specific facts of this case. J.T. Thorpe & Son has instead argued that the theory is inadmissible as a blanket matter, which is wrong as a matter of California law. *See Davis v. Honeywell Int'l Inc.*, 245 Cal. App. 4th 477, 492-93 (2016); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 998-1000 (2005). Should the defendants conclude, based on how the evidence comes in at trial, that the testimony of the plaintiffs'

experts is inadequate to establish causation under California law, they may raise this issue by way of a motion for judgment as a matter of law, or a motion to instruct the jury to disregard the expert's testimony, or both.

- As requested by counsel, J.T. Thorpe & Son's Motion in Limine No. 2 regarding the reentrainment theory is withdrawn.

**IT IS SO ORDERED.**

Dated: July 13, 2018

VINCE CHHABRIA
United States District Judge